4

**Justin D. Harris, #199112**
**HARRIS LAW FIRM, PC**
**7110 N. Fresno St., Suite 400**
**Fresno, California 93720**
**Telephone (559) 272-5700**
**Facsimile (559) 554-9989**
**Email: jdh@harrislawfirm.net**

Attorneys for The Magnolia Group, Inc.

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>THE MAGNOLIA GROUP, INC.,<br><br>Debtor. | Case No. 19-15278-A-11<br><br>Chapter 11<br><br>DC No. n/a<br><br>Date: April 15, 2020<br>Time: 1:30 p.m.<br>Place: Dept. A, 5th Floor, Courtroom. 11<br>2500 Tulare Street,<br>Fresno, California 93721<br>Judge: Hon. Fredrick E. Clement |

**DEBTOR-IN-POSSESSION'S CHAPTER 11 STATUS CONFERENCE STATEMENT**

Debtor, The Magnolia Group, Inc., provides the following Chapter 11 Status Conference Statement:

**A. Background**

Debtor filed its voluntary chapter 11 proceeding on December 19, 2019. Debtor is essentially a property holding company for a related entity and debtor known as Magnolia Park. Debtor owned the real property at 2950 E. Douglas Ave. in Visalia, California (the "Douglas Property") where Magnolia Park continues to operate Magnolia Park Assisted Living. Debtor currently owns property located at Lewis Lane





in Tulare, California. The Lewis Lane property is a nearly complete assisted living facility designed to house couples. That assisted living facility will be licensed for 18 beds. Magnolia Park expects to rent the Lewis Lane property from Debtor, which will generate revenue for Debtor.

**B. Events Leading to the Filing of the Chapter 11 Case.**

Debtor lost the Douglas Avenue property to foreclosure in November 2019. This is where Magnolia Park currently operates its assisted living facility. In light of the foreclosure, Debtor and Magnolia Park were concerned that an unlawful detainer was forthcoming, which would negatively impact Magnolia Park Assisted Living's residents. In addition, the same foreclosing creditor had scheduled a foreclosure sale for the Lewis Lane property. The prospect of an unlawful detainer and foreclosure of Lewis Lane (a nearly complete assisted living facility) caused Debtor to voluntarily file its chapter 11 petition.

**C. Debtor's Current Status.**

Debtor remains administratively solvent. Debtor removed a lawsuit by the foreclosing creditor from Tulare County Superior Court to the Bankruptcy Court. Debtor contends the foreclosure was wrongful and seeks to set aside the foreclosure of the Douglas Avenue property. As a result of the Coronavirus, demand for assisted living and particularly hospice care has increased significantly. Magnolia Park is working toward opening the Lewis Lane property, which would provide an additional 18 beds for residents. The patient care ombudsman is familiar with the Lewis Lane property and described it favorably in his report filed in the Magnolia Park case.

Given Magnolia Park's track record, and more flexible licensing due to the Coronavirus, it anticipates opening Lewis Lane in the near term. This would then cause Magnolia Park to begin making rent payments to Debtor in the estimated amount of $17,500 per month. This would immediately infuse cash into Debtor. Debtor has remained in possession of its property and managed its affairs as a debtor-in-possession since it filed its case on December 19, 2019.



**D. Intent with Respect to Plan of Reorganization.**

Debtor is pursuing a dual-track approach. First, Debtor has engaged in settlement discussions with the foreclosing creditor. Without revealing the specifics, the general framework for settlement would involve the reconveyance of Douglas Avenue to Debtor and settlement of Debtor's debt on Lewis Lane to take out the foreclosing creditor completely. In the event that settlement proves unsuccessful, Debtor intends to propose a plan to pay all allowed claims in full over time. As part of that plan, Debtor would seek to set aside what it deems a wrongful foreclosure of Douglas Avenue and restructure the existing debt on Lewis Lane through the plan over time.

Debtor had planned to file its plan of reorganization within the exclusivity period which ends on April 17, 2020. Given the interrelated nature of Magnolia Park's bankruptcy, and Magnolia Park's efforts toward safeguarding its residents from the Coronavirus, Debtor now anticipates filing a plan within the next 60 days. Debtor is also exploring options related to consolidation of its case with Magnolia Park and/or its ability to file a joint plan and disclosure statement for ease of administration. This analysis is ongoing.

**E. Other Matters Pursuant to Court Order re Chapter 11 Status Conferences.**

**a. Motions for Relief from Automatic Stay**. There are presently no motions for relief from the automatic stay pending. On January 24, 2020 and February 7, 2020, ABLP Properties Visalia, LLC filed motions for relief from stay (Doc 26 and 46). Both motions were denied, having been resolved without oral argument. No other such motions have been filed or are pending.

**b. Employment of Professionals**. Bankruptcy counsel for the Debtor was employed by order entered February 11, 2020 following application and hearing. Debtor does not presently contemplate the need for additional professionals to be employed.

**c. Appointment of Committee of Unsecured Creditors.** The United States Trustee has not appointed a committee of unsecured creditors in this case.

**d. Cash Collateral.** There are no motions for use of cash collateral filed or pending in Debtor's case. Debtor does not believe that cause exists for the filing of any such motions.

**e. Motion to Dismiss or Convert Chapter 11 Case or Motion to Appoint Chapter 11 Trustee.** There are no such motions filed or pending. Debtor does not believe that cause exists for the filing of any such motions.

**f. Administrative Matters.** The U.S. Trustee concluded Debtor's meeting of creditors on February 25, 2020. Debtor is current in the filing of its monthly operating reports and its U.S. Trustee Quarterly Fees. Debtor will continue to file monthly operating reports and pay quarterly fees as required by law during the pendency of its case.

Dated: April 8, 2020

HARRIS LAW FIRM, PC

By: ____________________
Justin D. Harris, Attorney for Debtor