4

Justin D. Harris, #199112
HARRIS LAW FIRM, PC
7110 N. Fresno St., Suite 400
Fresno, California 93720
Telephone (559) 272-5700
Facsimile (559) 554-9989
Email: jdh@harrislawfirm.net

Attorneys for The Magnolia Group, Inc.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

In re:

THE MAGNOLIA GROUP, INC.,

　　　　　Debtor.

Case No. 19-15278-A-11

Chapter 11

DC No. GLF-5

Date: June 2, 2020
Time: 10 a.m.
Place: Dept. A, 5th Floor, Courtroom. 11
　　　　2500 Tulare Street,
　　　　Fresno, California 93721
Judge: Hon. Fredrick E. Clement

## DEBTOR'S OPPOSITION TO ABLP PROPERTIES VISALIA LLC'S MOTION FOR RELIEF FROM STAY

　　　　Debtor, The Magnolia Group, Inc. ("Debtor" or "Magnolia Group") opposes ABLP Properties Visalia LLC's motion for relief from stay (the "Motion") as follows:

## I.

## INTRODUCTION

This Motion is premature and misplaced. Debtor only just commenced its voluntary chapter 11 reorganization process on December 19, 2019. Five or even six months is hardly sufficient time to reorganize a Debtor. The current COVID-19 pandemic only makes this more apparent and, as explained herein, weighs heavily against relief from stay. In a rather odd turn of events, the pandemic has actually increased the value of Debtor's real property located at 1333 Lewis Lane, Tulare, California 93274-1602 (the "Property"). Tulare County seeks the use of the nearly complete residential care facility on the Property to relocate healthy persons in need of residential care. Magnolia Park Assisted Living at Douglas Avenue in Visalia is the only residential care facility in Tulare County which is COVID-19 free. For this reason, Tulare County desires to max out capacity at Douglas Avenue and then fill Lewis Lane. This makes Lewis Lane essential to an effective reorganization of this Debtor. Further, pending such time, Debtor's owner has offered adequate protection payments funded through capital contributions to Movant. Consequently, Debtor requests that the Court deny relief from stay and order adequate protection payments.

## II.

## ARGUMENT

### A. No Cause Exists to Grant Relief from Stay under Section 362(d)(1).

Movant is adequately protected. The Property has actually increased in value since the filing of this case. Debtor now opines the Property is worth at least $1,500,000 and that value is reflected in the amended bankruptcy schedule filed by Debtor, a true and correct copy of which is filed as Exhibit "A" to the Declaration of Esperanza Hansen filed in opposition to this Motion. This is $150,000 more than the value declared by Ms. Hansen in a prior declaration. The current valuation is also conservative given the desperate need for COVID-19 free residential care facilities.

DEBTOR'S OPPOSITION TO ABLP PROPERTIES VISALIA LLC'S MOTION FOR RELIEF FROM STAY

The current valuation is attributable to several factors. The Property is only about $30,000 away from being a fully operational residential care facility and the demand could not be greater. Tulare County is in crisis in its ability to place and protect residents for residential care facilities. Currently, Magnolia Park Assisted Living is the only COVID-19 free residential care facility in all of Tulare County. This prompted Tulare County to reach out specifically to Magnolia Park Assisted Living and request that they partner with Tulare County for placement of healthy residents. Indeed, Tulare County intends to place healthy, COVID-19 free residents, coming from the hospital, with Magnolia Park Assisted Living rather than returning those residents to their prior residential care facilities.

After filling the balance of beds at the Douglas Avenue property, the County intends to fill Lewis Lane, which will have an 18-bed capacity. All of this is being memorialized by County Counsel in the form of a memorandum of understanding, which is expected any day. Tulare County is also able to streamline or even bypass traditional licensing by Department of Social Services Community Care (the State) and allow operation of a residential care facility at Lewis Lane independent of DSS. It would actually do Tulare County a disservice to remove Debtor's ability to make its Property available to Tulare County for its vulnerable residents.

Pending the opening of Lewis Lane, Debtor is prepared to begin immediate adequate protection payments to ABLP Properties. Debtor has offered as much to Movant without response. On May 18, 2020, Debtor received a capital contribution of $40,000 from its principal. This was intended to fund adequate protection payments to Movant pending the opening of Lewis Lane as a residential care facility. Once open, Lewis Lane will receive rent from Magnolia Park for its use of the facility which can then be paid to Movant as adequate protection in the form of rent.

The Property is appreciating rather than depreciating. Debtor's special use permit and construction permits have all been extended. As a fully operational residential care facility in high demand, its value will only continue to grow to



DEBTOR'S OPPOSITION TO ABLP PROPERTIES VISALIA LLC'S MOTION FOR RELIEF FROM STAY

Movant's benefit and protection. Debtor is also willing to make adequate protection payments in the form of rent. And, should Debtor ultimately fail, for whatever reason, Movant will be left with a turnkey residential living facility which it can operate or sell for a higher value than it would realize through foreclosure.

### B. The Property is Essential to an Effective Reorganization.

The Property is essential to an effective reorganization *within a reasonable time*. As described above, Debtor is a mere $30,000 away from an operational facility which Tulare County is begging to put to use. Debtor projects revenue for the facility at $6,500/month per client with a capacity of 18 beds at $117,000 per month. This will put the operating entity, Magnolia Park, in prime position to rent and operate the facility. is more than adequate revenue to service any debt on the Property. Moreover, it provides the mechanism by which an effective reorganization can be accomplished.

Debtor's ability to complete and open the facility is imminent, but even another 30-60 days would be well within the realm of reasonableness. This is Debtor's best shot at reorganization and its hardly the "pie in the sky" opportunity Movant claims; it's actually realistic.

### III.
### CONCLUSION

Debtor has demonstrated that the Property is actually increasing in value. Indeed, demand could not be greater for such a Property. Debtor also offers adequate protection payments, though Movant has yet to respond. The Property remains essential to an effective reorganization, and this Debtor deserves a reasonable time to make that happen. Movant's motion should be denied and adequate protection ordered.

Dated: May 19, 2020               HARRIS LAW FIRM, PC

                                  By:_____
                                  Justin D. Harris
                                  Attorney for Debtor



DEBTOR'S OPPOSITION TO ABLP PROPERTIES VISALIA LLC'S MOTION FOR RELIEF FROM STAY